**MADELINE FLAXMAN, PLAINTIFF, v. NATHAN FLAXMAN, DEFENDANT.**

Superior Court of New Jersey
Chancery Division

Decided April 13, 1970.

*Mr. Louis Sherman* for plaintiff.

*Mr. John T. Glennon* for defendant (*Messrs. Weiner, Weiner and Glennon,* attorneys).

CONSODINE, J. C. C. (temporarily assigned). What effect does the remarriage of plaintiff have upon her right to alimony from her first husband when that remarriage was voidable and subsequently annulled?

Case law holds that where the second marriage was void, the judgment of annulment revived the alimony provision. *Minder v. Minder,* 83 *N. J. Super.* 159 (Ch. Div. 1964).

■ However, it cannot be disputed that a judgment of annulment of a voidable marriage in this State renders the marriage null and void from the beginning. *Sleerman v. Snow,* 94 *N. J. Eq.* 9 (Ch. 1922) ; *Wigder v. Wigder,* 14 *N. J. Misc.* 880 (Ch. 1936).

■ That being our law it logically follows that there is no difference in effect between a judgment of annulment of a void marriage and one of a voidable marriage. In either case, as has been well said by Chief Judge (later Justice) Cardozo, the marriage "is effaced as if it had never been." *Sleicher v. Sleicher,* 251 *N. Y.* 366, 369, 167 N. E. 501, 502 (Ct. App. 1929). See also 1 *Herr, Marriage, Divorce and Separation,* § 61, at 90.

Not involved in this matter at this time is any question of revision or alteration of the agreed alimony allowance. *N. J. S. A.* 2A:34–23. However, it should be noted that defendant's income is now substantially more than it was at the time of the judgment of divorce and that there is no apparent change of circumstance other than remarriage of defendant.

This opinion is in conflict with that in *Sharpe v. Sharpe,* 109 *N. J. Super.* 410 (Ch. Div. 1970).